IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

IN RE:

THE DISCORD ACCOUNT LISTED ON
THE ATTACHED HOMELAND
SECURITY INVESTIGATIONS
SUBPOENA IN HSI
CASE NUMBER ICE-HSI-DH-2020-00107,
TARGET NAME OF: NotANeko#4626

Case No. *3:20-mj-214*

Filed Under Seal

APPLICATION FOR ORDER COMMANDING DISCORD
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order Discord not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the attached subpoena until **November 1, 2020**.

Discord is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Discord to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id.

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Specifically, Homeland Security Investigations is investigating an individual who was communicating with an 11-year-old female located in Fargo, North Dakota via Discord, an online chatting application.

The user of the Discord account identified in the attached subpoena requested and received sexually explicit images from the female child in Fargo, North Dakota.  Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation by giving the target an opportunity to destroy or tamper with evidence.  See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Discord not to disclose the existence or content of the attached subpoena until November 1, 2020, except that Discord may disclose the attached subpoena to an attorney for Discord for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until November 1, 2020. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on April 30, 2020.

DREW H. WRIGLEY
United States Attorney

By:   */s/ Jennifer Klemetsrud Puhl*
JENNIFER KLEMETSRUD PUHL
Assistant United States Attorney
Quentin N. Burdick United States Courthouse
655 First Avenue North – Suite 250
Fargo, ND  58102-4932
(701) 297-7400
ND Bar Board ID No. 05672
Jennifer.Puhl@usdoj.gov
Attorney for United States